Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART STORES, INC., a Delaware corporation; and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AMY FRASER and PAULA HAUG, on behalf of themselves and all
others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento County Superior Court
720 Ninth Street, Sacramento, California 95814

CASE NUMBER:
*(Número del Caso):* 34-2013-00139100

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Lindsay, Lindsay Law Corporation, 21 Natoma Street #160, Folsom, CA 95630   916-294-7573

DATE: ~~January 28, 2013~~ FEB 1 1 2013
*(Fecha)*

Clerk, by E. MEDINA , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WAL-MART STORES, INC., a Delaware corporation

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 2-15-13   3'2 S/A

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

James M. Lindsay, State Bar No. 164758
LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630
Telephone: (916) 294-7573
Facsimile: (916) 294-7583

Attorneys for Plaintiffs and the Class

FILED
Superior Court Of California
Sacramento

01/29/2013

emedina
By ........................., Deputy
Case Number:
34-2013-00139001

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

AMY FRASER and PAULA HAUG, on
behalf of themselves and all others similarly
situated,

                    Plaintiffs,

        vs.

WAL-MART STORES, INC., a Delaware
corporation; and DOES 1 through 50,
inclusive,

                    Defendants.

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR CIVIL PENALTIES,
DAMAGES, AND INJUNCTIVE RELIEF
[CIVIL CODE § 1747.08]**

DEMAND FOR JURY TRIAL

Plaintiffs Amy Fraser and Paula Haug, on behalf of themselves and all others similarly

situated, complain and allege upon information and belief based, among other things, upon the

investigation made by Plaintiffs by and through their attorneys, as follows:

**I.**

**INTRODUCTION**

1.      California Civil Code section 1747.08 generally states that when a merchant is

engaged in a retail transaction with a customer, the merchant may neither (1) request personal

identification information from a customer paying for goods with a credit card, and then record

that personal identification information upon the credit card transaction form or otherwise; nor

(2) require as a condition to accepting the credit card as payment the cardholder to provide the

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

COPY

1  customer's personal identification information which the retailer causes to be written, or
2  otherwise records upon the credit card transaction form or otherwise.[1]

3      2.      Defendant operates retail stores throughout California, including in Sacramento
4  County and San Diego County. Defendant is engaging in a pattern of unlawful and deceptive
5  business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers
6  both request and record credit card numbers and zip codes from customers using credit cards at
7  the point-of-sale in Defendant's retail establishments. Defendant's acts and practices as herein
8  alleged were at all times intentional. Furthermore, Defendant previously settled an action based
9  upon the same allegations but relating to an earlier time period. As a result, it would appear that
10  Defendant knew the acts complained of in this action were in violation of California law at the
11  time of their occurrence.

12      3.      This action arises from Defendant's violations of California Civil Code section
13  1747.08, by and through Defendant's requesting and recording of Plaintiffs' and the Class
14  Members' credit card numbers and zip codes during the point-of-sale process at Defendant's
15  retail establishments. On information and belief, Defendant uses the zip code information
16  obtained from the cardholder to acquire additional personal information, including the
17  cardholder's physical residential address by pairing the zip code with the cardholder's name
18  obtained from the credit card. Such conduct is performed intentionally and without the
19  knowledge or consent of the cardholder.

20      4.      Plaintiffs do not seek any relief greater than or different from the relief sought for
21  the Class of which Plaintiffs are members. If successful, this action will enforce an important
22  right affecting the public interest and will confer a significant benefit, whether pecuniary or non-

23

24  [1] California Civil Code section 1747.08 states in relevant part:
25  "(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts
    credit cards for the transaction of business shall do either of the following:
26  (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services,
    the cardholder to provide personal identification information, which the person, firm, partnership, association, or
    corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card
27  transaction form or otherwise.
    (b) For purposes of this section 'personal identification information,' means information concerning the cardholder,
28  other than information set forth on the credit card, and including, but not limited to, the cardholder's address and
    telephone number."

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

1  pecuniary, on a large class of persons.  Private enforcement is necessary and places a

2  disproportionate financial burden on Plaintiffs in relation to Plaintiffs' stake in the matter.

3  **II.**

4  **JURISDICTION AND VENUE**

5      5.      Plaintiffs are informed and believe that Defendant is doing business in California.

6  Defendant has accepted credit cards for the transaction of business throughout California,

7  including the County of Sacramento and the County of San Diego, which has caused both

8  obligations and liability of Defendant to arise in the County of Sacramento and the County of

9  San Diego.

10     6.      The amount in controversy exceeds the jurisdictional minimum of this Court.

11  **III.**

12  **THE PARTIES**

13  **A.    PLAINTIFFS**

14     7.      Plaintiff Amy Fraser (herein referred to as "Plaintiff Fraser") is a resident of

15  California and entered into a retail transaction with Defendant at one of Defendant's California

16  stores located in San Diego County.

17     8.      Plaintiff Paula Haug (herein referred to as "Plaintiff Haug") is a resident of

18  California and entered into a retail transaction with Defendant at one of Defendant's California

19  stores located in Sacramento County.

20     9.      Plaintiff Fraser and Plaintiff Haug (collectively referred to as "Plaintiffs") bring

21  this class action against Defendant, pursuant to California Code of Civil Procedure section 382,

22  on behalf of themselves and all persons in California from whom Defendant requested and

23  recorded personal identification information in conjunction with a credit card transaction (herein

24  referred to as the "Class").  Excluded from the Class are Defendant, its corporate parents,

25  subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling

26  interest, and the legal representatives, successors or assigns of any such excluded persons or

27  entities.

28  / / /

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

-3-
CLASS ACTION COMPLAINT

**B.    DEFENDANT**

10.    Defendant Wal-Mart Stores, Inc. (herein referred to as "Defendant" or "Wal-Mart") is a Delaware corporation. Plaintiffs are informed and believe that Defendant is doing business in California and that Defendant operates retail stores under the name Wal-Mart throughout California, including stores in Sacramento County and in San Diego County.

**C.    DOE DEFENDANTS**

11.    Except as described herein, Plaintiffs are ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and, therefore, sue these DOE Defendants by such fictitious names. Plaintiffs will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**D.    AGENCY/AIDING AND ABETTING**

12.    At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

13.    Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

/ / /

/ / /

/ / /

/ / /

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

-4-

# IV.

## CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

**A.  PLAINTIFF FRASER'S CONTACT WITH DEFENDANT**

14.  Within the last 12 months, Plaintiff Fraser went to Defendant's retail store located in Oceanside in San Diego County, California.

15.  Plaintiff Fraser entered Defendant's store and proceeded to select products from the store that she intended to purchase.

16.  After selecting the items, Plaintiff Fraser proceeded to the cashiers' section of Defendant's store to pay for the items selected through the use of a credit card.

17.  Defendant's employee saw that Plaintiff Fraser had selected products that she wished to purchase from Defendant.  Defendant's employee scanned said products and proceeded to inform Plaintiff Fraser of the amount due to Defendant for the products.  Plaintiff Fraser proceeded to swipe, enter, and/or record her credit card number into an electronic pin-pad at the checkout counter adjacent to both the employee and herself.  As part of Defendant's Information Capture Policy, the on-screen instructions then requested Plaintiff Fraser to enter her zip code directly into Defendant's electronic pin-pad machine.  At no time was Plaintiff Fraser informed of the consequences of not providing her zip code.  In fact, there appeared to be no ability to bypass the request, and the cashier indicated to Plaintiff Fraser that she was required to enter her zip code in order to complete the transaction.

18.  Plaintiff Fraser, believing that she was required to provide her zip code to complete the transaction, recorded her zip code directly into Defendant's pin-pad machine.

19.  At this point in the transaction, Defendant has Plaintiff Fraser's credit card number, name and zip code recorded in its databases.

20.  Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff Fraser's personal identification information from the electronic cash register after Plaintiff Fraser's credit card number was recorded.

21.  Defendant's employee and Plaintiff Fraser completed the transaction and Plaintiff Fraser left Defendant's store with her purchased items.

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

22.     Plaintiff Fraser believes that Defendant requested and recorded zip codes from its customers during credit card purchases throughout the one-year period prior to filing of this Complaint and has personal knowledge that Defendant was doing so at its Oceanside location on December 12, 2012 and January 20, 2013.

**B.     PLAINTIFF HAUG'S CONTACT WITH DEFENDANT**

23.     Within the last 12 months, Plaintiff Haug went to Defendant's retail store located in Folsom in Sacramento County, California.

24.     Plaintiff Haug entered Defendant's store and proceeded to select products from the store that she intended to purchase.

25.     After selecting the items, Plaintiff Haug proceeded to the cashiers' section of Defendant's store to pay for the items selected through the use of a credit card.

26.     Defendant's employee saw that Plaintiff Haug had selected products that she wished to purchase from Defendant. Defendant's employee scanned said products and proceeded to inform Plaintiff Haug of the amount due to Defendant for the products. Plaintiff Haug proceeded to swipe, enter, and/or record her credit card number into an electronic pin-pad at the checkout counter adjacent to both the employee and herself. As part of Defendant's Information Capture Policy, the on-screen instructions then requested Plaintiff Haug to enter her zip code directly into Defendant's electronic pin-pad machine. At no time was Plaintiff Haug informed of the consequences of not providing her zip code. In fact, there appeared to be no ability to bypass the request, and the cashier indicated to Plaintiff Haug that she was required to enter her zip code in order to complete the transaction.

27.     Plaintiff Haug, believing that she was required to provide her zip code to complete the transaction, recorded her zip code directly into Defendant's pin-pad machine.

28.     At this point in the transaction, Defendant has Plaintiff Haug's credit card number, name and zip code recorded in its databases.

29.     Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff Haug's personal identification information from the electronic cash register after Plaintiff Haug's credit card number was recorded.

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

-6-

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

30. Defendant's employee and Plaintiff Haug completed the transaction and Plaintiff Haug left Defendant's store with her purchased items.

31. Plaintiff Haug believes that Defendant requested and recorded zip codes from its customers during credit card purchases throughout the one-year period prior to filing of this Complaint and has personal knowledge that Defendant was doing so at its Folsom location on December 1, 2012.

## V.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

32. This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card purchase transaction (the "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

33. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class Members is unknown to Plaintiffs at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class Members prosecuting separate claims is remote and individual Class Members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiffs' rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiffs know of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

35. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiffs' claims are typical of the members of the Class, and Plaintiffs can fairly and adequately represent the interests of the Class.

-7-

36. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a) Whether each Class Member engaged in a credit card transaction with Defendant;

b) Whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card purchase transactions with Class Members;

c) Whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08;

d) Whether Plaintiffs and the Class are entitled to injunctive relief; and

e) Whether Plaintiffs and the Class are entitled to civil penalties and to what extent.

37. Plaintiffs' claims are typical of those of the other Class Members because Plaintiffs, like every other Class Member, were exposed to virtually identical conduct and are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

38. Plaintiffs can fairly and adequately represent the interests of the Class, they have no conflicts of interest with other Class Members, and they have retained counsel competent and experienced in class action and civil litigation.

**VI.**

**FIRST CAUSE OF ACTION FOR VIOLATIONS OF
CALIFORNIA CIVIL CODE § 1747.08
[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

39. Plaintiffs refer to and incorporate by reference as though set forth fully herein paragraphs 1 through 38 of this Complaint.

/ / /

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

40.   California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records in conjunction with a credit card transaction.

41.   Defendant is a corporation that accepts credit cards for the transaction of business.

42.   During credit card transactions entered into at Defendant's California stores on each and every day during the one-year period preceding the filing of this Class Action Complaint through the present, Defendant utilized, and continues to utilize, an "Information Capture Policy" whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments.

43.   It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who, while using a credit card, purchases any product from any of Defendant's stores in the State of California.

44.   Due to Defendant's violations as set forth herein, Plaintiffs and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

PLAINTIFFS AND THE CLASS PRAY for judgment against Defendant as follows:

1.   That the Court award to Plaintiffs and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

2.   That the Court preliminarily and permanently enjoin Defendant from utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments;

3.   That the Court certifies this action as a class action;

/ / /

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

-9-

1     4.     For distribution of any moneys recovered on behalf of the Class of similarly

2 situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant

3 from retaining the benefits of its wrongful conduct;

4     5.     For an award of attorneys' fees as authorized by statute including, but not limited

5 to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the

6 "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

7     6.     For costs of the suit;

8     7.     For prejudgment interest at the legal rate;

9     8.     And for such other relief as the Court may deem proper.

Dated: January 28, 2013            LINDSAY LAW CORPORATION

By: _____
     James M. Lindsay
     Attorney for Plaintiffs and the Class

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

-10-

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>James M. Lindsay, SBN 164758<br>Lindsay Law Corporation<br>21 Natoma Street, Suite 160<br>Folsom, California 95630<br>TELEPHONE NO.: 916-294-7573    FAX NO.: 916-294-7583<br>ATTORNEY FOR *(Name)*: Amy Fraser, Paula Haug and the Class | FOR COURT USE ONLY<br><br>**FILED**<br>**Superior Court Of California,**<br>**Sacramento**<br>**01/29/2013**<br>**emedina**<br>**By** _____ , Deputy<br>**Case Number:**<br>**34-2013-00139001** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

CASE NAME:
Fraser v. Wal-Mart

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 34-2013-00139001 |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*:   1
5. This case ☑ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: January 28, 2013
James M. Lindsay
_____   ▶  _____
(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

COPY

CT Corporation

| | |
|---|---|
| **TO:** | Sheron Young<br>Wal-Mart Stores, Inc.<br>702 SW 8th Street<br>Bentonville, AR 72716 |

**RE:** **Process Served in California**

**FOR:** Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Fraser Amy and Paula Haug, on behalf of themselves and all others similarly situated, Pltfs. vs. Wal-Mart Stores, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand, Cover Sheet |
| **COURT/AGENCY:** | Sacramento County - Superior Court - Sacramento, CA<br>Case # 34201300139001 |
| **NATURE OF ACTION:** | Summons and Complaint - Class Action – Violations of California Civil Code under Song-Beverly Credit Card Act - Seeking for preliminaily and permanently enjoin defendant from utilizing an "information capture policy" |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/15/2013 at 16:54 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | James M. Lindsay<br>Lindsay Law Corporation<br>21 Natoma Street, Suite 160<br>Folsom, CA 95630<br>916-294-7573 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/18/2013, Expected Purge Date: 02/23/2013<br>Image SOP<br>Email Notification, Scott LaScala-CT West CLS-Verificationwest@WoltersKluwer.com<br>Email Notification, Sheron Young ct.lawsuits@walmartlegal.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1  Scott Jacobs, SBN 81980
   sjacobs@reedsmith.com
2  Brandon Corbridge, SBN 244934
   bcorbridge@reedsmith.com
3  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
4  Los Angeles, CA 90071-1514

5  Telephone:    213.457.8000
   Facsimile:    213.457.8080
6
7  Attorneys for Defendant
   WAL-MART STORES, INC.

8                **SUPERIOR COURT OF CALIFORNIA**

9                  **COUNTY OF SACRAMENTO**

10

11  AMY FRASER and PAULA HAUG, on behalf of     Case No.:  34-2013-00139001
    themselves and all others similarly situated,
12                                              **DEFENDANT WAL-MART STORES,**
                    Plaintiffs,                 **INC.'S ANSWER TO THE COMPLAINT**
13
          vs.
14
    WAL-MART STORES, INC., a Delaware
15  corporation; and DOES 1 through 50, inclusive,

16                  Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

US_ACTIVE-112241781.1-BWCORBRI 03/13/2013 9:36 AM

1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## ANSWER

Defendant Wal-Mart Stores, Inc. ("Defendant") hereby answers the Complaint filed in this action by Plaintiffs Amy Fraser and Paula Haug, individually and on behalf of all others similarly situated (the "Complaint") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Defendant generally denies each and every material allegation set forth in the Complaint. Defendant also denies, generally and specifically, that Plaintiffs have been damaged as alleged in the Complaint, or in any way at all, or that Plaintiffs are entitled to any damages or relief whatsoever from Defendant, and further denies, generally and specifically, that Plaintiffs are entitled to any of the relief prayed for in the Complaint.

## DEFENSES

Without waiving or excusing Plaintiffs' burden of proof, and without admitting that Defendant has any burden of proof, Defendant hereby asserts the following defenses:

### FIRST DEFENSE
### (Failure to State a Claim)

1.      The Complaint fails to allege sufficient facts to state any claim for which relief can be granted.

### SECOND DEFENSE
### (Statute of Limitations)

2.      The Complaint is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure section 340.

### THIRD DEFENSE
### (Laches)

3.      The Complaint is barred by the equitable doctrine of laches because Plaintiffs delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**FOURTH DEFENSE**

**(Waiver)**

4.    The Complaint is barred by the doctrine of waiver.

**FIFTH DEFENSE**

**(Estoppel)**

5.    The Complaint is barred by the doctrines of collateral and/or equitable estoppel.

**SIXTH DEFENSE**

**(Unclean Hands)**

6.    The Complaint is barred by the doctrine of unclean hands.

**SEVENTH DEFENSE**

**(Consent)**

7.    The Complaint is barred because Plaintiffs voluntarily provided their ZIP codes (if they provided a ZIP Code at all).

**EIGHTH DEFENSE**

**(Lack of Standing)**

8.    Plaintiffs lack standing to assert the claims set forth in the Complaint.

**NINTH DEFENSE**

**(Justification)**

9.    Each purported cause of action in the Complaint is barred by the doctrine of justification.

**TENTH DEFENSE**

**(Consistent with Law )**

10.    The Complaint is barred because Defendant's conduct was consistent with all applicable law.

**ELEVENTH DEFENSE**

**(Exception for Information Required for a Special Purpose)**

11.    The Complaint fails to the extent that Defendant requested or required that Plaintiffs or any member of the putative class provide personal identification information for a special purpose

incidental but related to the individual credit card transaction, including, but not limited to, for shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders.

## TWELFTH DEFENSE

### (Exception for Information Required for by Contractual or Legal Obligation)

12.     The Complaint fails to the extent that Defendant requested or required that Plaintiffs or any member of the putative class provide personal identification information pursuant to Defendant's contractual obligation to provide such information in order to complete the credit card transaction or as mandated by federal law or regulation.

## THIRTEENTH DEFENSE

### (Exception Where Credit Card Is Used as a Deposit)

13.     The Complaint fails to the extent that Defendant requested or required that Plaintiffs or any member of the putative class provide personal identification information where the credit card was being used as a deposit to secure payment in the event of default, loss, damage, or other similar occurrence.

## FOURTEENTH DEFENSE

### (Exception Where Credit Card Is Used for a Cash Advance)

14.     The Complaint fails to the extent that Defendant requested or required that Plaintiffs or any member of the putative class provide personal identification information where the credit card was being used for a cash advance.

## FIFTEENTH DEFENSE

### (Defendant Did Not Request or Require Information as a Condition of Payment)

15.     The Complaint fails to the extent that Defendant did not request or require that Plaintiffs or any member of the putative class provide personal identification information as a condition to accepting a credit card as payment in full or in part for goods or services.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

**REED SMITH LLP**
A limited liability partnership formed in the State of Delaware

## SIXTEENTH DEFENSE

### (Reasonable Form of Identification)

16.     The Complaint fails to the extent that Defendant requested or required that Plaintiffs or any member of the putative class provide a reasonable form of identification as a condition to accepting a credit card as payment.

## SEVENTEENTH DEFENSE

### (No Intent - *Bona Fide* Error)

17.     Defendant is not liable for any civil penalties with respect Plaintiffs or any member of the putative class to the extent that any alleged violation of Civil Code section 1747.08 was not intentional and resulted from a *bona fide* error.

## EIGHTEENTH DEFENSE

### (Sufficiency of Class Action)

18.     This action cannot be maintained as a class action, and relief on a class-wide basis is not appropriate because Plaintiffs have failed to allege and cannot prove the facts and prerequisites necessary for the maintenance of a class action, including but not limited to typicality, numerosity, commonality, superiority of class-based resolution, adequacy of class representative and class counsel, or predominance of common fact and/or damages.

## NINETEENTH DEFENSE

### (Action Controlled Entirely by Attorneys)

19.     Plaintiffs has lent their names to the instant litigation, which is entirely controlled by purported "class" counsel, thereby making the maintenance of this action as a class action improper.

## TWENTIETH DEFENSE

### (Unconstitutionality of Statutory Penalties)

20.     Plaintiffs' claims for statutory penalties violate Defendant's rights against excessive fines under the Eighth Amendment to the United States Constitution and Article I, section 17 of the Constitution of the State of California, and Defendant's rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

25 out of 22

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TWENTY-FIRST DEFENSE**

**(*Cy Pres* Recovery Unavailable)**

21.     Plaintiffs are limited to only those damages that are authorized by Civil Code §
1747.08 and, therefore, non-statutory relief in the form of fluid recovery or *cy pres* recovery is not
available.

**TWENTY-SECOND DEFENSE**

**(No Legally Cognizable Injury)**

22.     The Complaint is barred because neither Plaintiffs nor any member of the putative
class suffered any legally cognizable or other injury or damage as a result of the conduct alleged in
the Complaint.

**TWENTY-THIRD DEFENSE**

**(No Attorney's Fees Available)**

23.     The Complaint fails to allege any facts or legal theory sufficient to entitle Plaintiffs or
the putative class to recover attorney's fees in this action.  Neither Plaintiffs nor the putative class
can satisfy the requirements for an award of attorney's fees.

**TWENTY-FOURTH DEFENSE**

**(Injunctive Relief Improper)**

24.     Plaintiffs' claim for injunctive relief is improper because such relief is available only
in an action brought by the Attorney General, or any district attorney or city attorney in the name of
the People of the State of California, as provided in Civil Code section 1747.08, subdivision (f), and
Plaintiffs cannot make the requisite showings to obtain injunctive relief.

**TWENTY-FIFTH DEFENSE**

**(Reservation of Rights and Additional Defenses)**

25.     Defendant has insufficient knowledge or information on which to form a belief as to
whether it may have additional, as yet unstated, defenses available in this action.  Defendant
therefore reserves the right to assert additional defenses in the event discovery indicates that they
may be appropriate, and also reserves any and all defenses applicable to any class member, in the
event any court certifies any class in this or any related or consolidated action, and further reserves

any and all defenses applicable to Plaintiffs' qualifications or adequacy as the representatives of any such class.

## PRAYER

**WHEREFORE** Defendant prays for judgment as follows:

1.    That Plaintiffs take nothing by reason of their Complaint;

2.    That no class be certified in this action;

3.    For its costs of suit herein;

4.    For its attorney fees according to proof; and

5.    For such other and further relief as this Court may deem just and proper.

DATED:  March 13, 2013       REED SMITH LLP

By_____
Scott H. Jacobs
Brandon W. Corbridge
Attorneys for Defendant
WAL-MART STORES, INC.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071-1514.  On March 13, 2013, I served the following document(s) by the method indicated below:  ***DEFENDANT WAL-MART STORES, INC.'S ANSWER TO THE COMPLAINT***

☐    by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 PM  and was reported complete and without error.  The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine.  Service by fax was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal.R.Ct 2.306.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

James M. Lindsay, Esq.             **Attorneys for Plaintiffs,**
LINDSAY LAW CORPORATION     ***Amy Fraser and Paula Haug***
21 Natoma Street, Suite 160
Folsom, CA  95630
Tel:  916-294-7573
Fax: 916-294-7583

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 13, 2013, at Los Angeles, California.

Griselda Munoz

Griselda Munoz

REED SMITH LLP
A limited liability partnership formed in the State of Delaware