Scott Jacobs, SBN 81980
sjacobs@reedsmith.com
Brandon Corbridge, SBN 244934
bcorbridge@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:    213.457.8000
Facsimile:    213.457.8080

Attorneys for Defendant
WAL-MART STORES, INC.

James M. Lindsay, SBN 164758
LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630
Telephone:  (916) 294-7573
Facsimile: (916) 294-7583

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY FRASER and PAULA HAUG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  2:13-cv-00520-TLN-DAD<br><br>**CLASS ACTION**<br><br>**JOINT STATUS REPORT**<br><br>The Honorable Troy L. Nunley |

Pursuant to this Court's Order dated March 15, 2013, the Parties hereby submit this joint status report and Rule 26(f) discovery plan:

**(a)     Brief summary of the claims**

Plaintiff Amy Fraser alleges that, within the last 12 months, she purchased merchandise from Defendant's retail store located in Oceanside, California.  Plaintiff Paula Haug similarly alleges that, within the last 12 months, she purchased merchandise from Defendant's retail store located in Folsom, California.  Ms. Fraser and Ms. Haug (collectively, "Plaintiffs") each allege that, after swiping their credit cards through an electronic pin-pad terminal at the checkout counter to purchase the merchandise, an on-screen instruction requested that they enter their ZIP codes on the pin-pad terminal to complete the transactions.  Plaintiffs allege that they entered their ZIP codes as directed and that their ZIP codes were recorded, along with their names and credit card numbers, in Defendant's database.  Plaintiffs assert that Defendant's alleged conduct in requesting and recording their ZIP codes as a condition to accepting their credit cards as payment for the merchandise violates California Civil Code section 1747.08(a).

Defendant denies that it has engaged in any conduct that violates California Civil Code section 1747.08 and contends that, to the extent Plaintiffs were asked to provide their ZIP codes, one or more of the exceptions set forth in California Civil Code section 1747.08(c) and/or (e) applies.  Among other things, Defendant maintains that such requests were made pursuant to Defendant's contractual obligation with the subject credit card company to provide Plaintiffs' ZIP codes to complete the credit card transactions.  Defendant contends that its alleged conduct is covered by the exception contained in California Civil Code section 1747.08(c)(3)(A), which states "Subdivision (a) does not apply in the following instances . . . [¶] The person, firm partnership, association, or corporation accepting the credit card is contractually obligated to provide personal identification information in order to complete the credit card transaction."

Prior to filing this joint report, the Parties engaged in an informal exchange of information.  As part of that exchange, Plaintiffs confirmed that they both used the same brand of credit card in every transaction in which they were allegedly requested to provide their ZIP codes at Defendant's

retail stores. Defendant produced to Plaintiffs portions of its contract with the subject credit card company that Defendant maintains obligate it to provide the cardholder's ZIP code to complete a credit card transaction. Plaintiffs dispute that the portions of the contract provided support Defendant's contention that the exception contained in California Civil Code section 1747.08(c)(3)(A) is a defense in this case.

The Parties agree that a prompt resolution of this issue will promote judicial efficiency and economy. Therefore, the Parties have agreed to focus the initial phase of discovery on information that is necessary to posture this issue for a judicial determination.

**(b)     Status of service upon all defendants and cross-defendants**

The only named defendant in this action has been served.

**(c)     Possible joinder of additional parties**

The Parties do not anticipate joining additional parties at this time.

**(d)     Contemplated amendments to the pleadings**

The Parties do not anticipate amendments to the pleadings at this time.

**(e)     Statutory basis for jurisdiction and venue**

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d). Because this action was originally filed in the Superior Court of the State of California, County of Sacramento, this action was properly removed to this Court and venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

**(f)     Anticipated discovery and the scheduling of discovery**

As discussed above, Plaintiffs dispute that the portions of the contract provided support Defendant's contention that the exception contained in California Civil Code section 1747.08(c)(3)(A) is a defense in this case. The Parties agree that a prompt resolution of this issue

will promote judicial efficiency and economy and that such interests would be served by focusing the initial phase of discovery on information that is necessary to obtain a judicial determination on this issue, by a ruling on a defense motion for summary judgment, prior to engaging in discovery on other issues.

For that reason, the Parties believe the initial phase of discovery should be focused on information that is pertinent to assessing whether the exception contained in California Civil Code section 1747.08(c)(3)(A) is applicable to Plaintiffs' alleged transactions. The Parties believe that discovery focusing on this issue can be completed within 90 days.

Defendant believes that it will be prepared to file a motion for summary judgment on this issue within 30 days of the date set for the completion of this initial phase of discovery.

The Parties believe their initial disclosures and proposals concerning further discovery, expert disclosures and a discovery cut-off date should be deferred until after the Court has ruled on Defendant's motion for summary judgment.

**(g)  Proposed date by which all non-discovery motions shall be filed**

Defendant believes that it will be prepared to file a motion for summary judgment within 30 days of the date set for the completion of the initial phase of discovery outlined in section (f), above. The Parties believe their proposal concerning deadlines for filing all other non-discovery motions should be deferred until after the Court has ruled on Defendant's motion for summary judgment.

**(h)  Proposed dates for final pretrial conference and trial**

The Parties believe their proposal concerning dates for the final pretrial conference and trial should be deferred until after the Court has ruled on Defendant's motion for summary judgment.

**(i)  Estimate of days of trial, and whether any party has demanded a jury trial**

The Parties believe their proposal concerning an estimated number of days for trial should be deferred until after the Court has ruled on Defendant's motion for summary judgment. The Parties agree that the claims in this case should be tried to the Court.

**(j)   Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge**

The Parties agree that this case is not suitable for reference to a special magistrate nor to be tried by a magistrate judge.

**(l)   Proposed modification of standard pretrial procedures due to special nature of the case**

Other than phasing discovery and pretrial motions, as outlined above, to allow Defendant to bring a motion for summary judgment prior to engaging in discovery on other issues, the Parties do not propose any other modification to the standard pretrial procedures at this time.

**(m)   Prospects for settlement, including whether a settlement conference should be scheduled**

The Parties agree that there is no prospect for settlement until there has been a ruling on whether the exception contained in California Civil Code section 1747.08(c)(3)(A) applies to Plaintiffs' alleged transactions.  Accordingly, the Parties believe scheduling a settlement conference would be premature at this time.

**(n)   Any other matters that may be conducive to the just and expeditious disposition of the case**

Nothing at this time.

DATED:  May 31, 2013        REED SMITH LLP

By:   */s/ Scott H. Jacobs*
    Scott H. Jacobs
    Brandon W. Corbridge
    Attorneys for Defendant, WAL-MART STORES, INC.

DATED:  May 31, 2012        LINDSAY LAW CORPORATION

By:   */s/ James M. Lindsay* (as authorized on May 31, 2013)
    James M. Lindsay
    Attorneys for Plaintiffs and the Class

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On May 31, 2013, I served the following document(s) by the method indicated below:

**JOINT STATUS REPORT**

☒ BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.caed.uscourts.gov

☐ BY FACSIMILE: by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2.306.

☐ BY FIRST CLASS U.S. MAIL SERVICE: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ BY CAUSING PERSONAL DELIVERY: by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ BY PERSONALLY DELIVERING: by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ BY EXPRESS MAIL SERVICE: by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ BY EMAIL: by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| James M. Lindsay, Esq.<br>LINDSAY LAW CORPORATION<br>21 Natoma Street, Suite 160<br>Folsom, CA 95630<br>Tel: 916-294-7573<br>Fax: 916-294-7583 | Attorneys for Plaintiffs,<br>*Amy Fraser and Paula Haug* |

I declare under penalty of perjury under the laws of the State of California that the

– 2 –

PROOF OF SERVICE OF DEFENDANT WAL-MART STORES, INC.'S NOTICE OF REMOVAL AND SUPPORTING DOCUMENT

above is true and correct.  Executed on May 31, 2013, at Los Angeles, California.

_____
CANDICE A. SPOON

PROOF OF SERVICE OF DEFENDANT WAL-MART STORES, INC.'S NOTICE OF REMOVAL AND SUPPORTING DOCUMENT