UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY FRASER and PAUL HAUG, on behalf of themselves and all others similarly situated, | No.  2:13-cv-0520-TLN-DAD |
| Plaintiffs, | PRETRIAL SCHEDULING ORDER |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation, | |
| Defendant. | |

After reviewing the parties' Updated Joint Status Report, the Court makes the following Pretrial Scheduling Order.

I.   SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

///

1    III.   JURISDICTION/VENUE

2        Jurisdiction is predicated upon **28 U.S.C. § 1332(d)**.

3    Jurisdiction and venue are not contested.

4                            **PHASE I §§**

5

6    IV.   CLASS CERTIFICATION

7        The Plaintiff's motion for class certification shall be

8    filed by **May 8, 2014**.  Defendant's opposition shall be filed by

9    **June 5, 2014**.  Plaintiff's reply shall be filed by

10   **June 19, 2014**.  The Class Certification Hearing is set for

11   **July 3, 2014**, at **2:00 p.m.**

12                            **PHASE II**

13

14   V.   DISCOVERY

15       All discovery, with the exception of expert discovery, shall

16   be completed by **January 30, 2015**.  In this context, "completed"

17   means that all discovery shall have been conducted so that all

18   depositions have been taken and any disputes relative to

19   discovery shall have been resolved by appropriate order if

20   necessary and, where discovery has been ordered, the order has

21   been obeyed.  All motions to compel discovery must be noticed on

22   the magistrate judge's calendar in accordance with the local

23   rules of this Court.

24   VI.   DISCLOSURE OF EXPERT WITNESSES

25       All counsel are to designate in writing, file with the

26   Court, and serve upon all other parties the name, address, and

27   area of expertise of each expert that they propose to tender at

28

                            2

1    trial not later than **March 30, 2015**.[1]  The designation shall be

2    accompanied by a written report prepared and signed by the

3    witness.  The report shall comply with Fed. R. Civ. P.

4    26(a)(2)(B).

5        Within thirty (30) days after the designation of expert

6    witnesses, any party may designate a supplemental list of expert

7    witnesses who will express an opinion on a subject covered by an

8    expert designated by an adverse party.  The right to designate a

9    supplemental expert for rebuttal purposes only shall apply to a

10   party who has not previously disclosed an expert witness on the

11   date set for expert witness disclosure by this Pretrial

12   Scheduling Order.

13       Failure of a party to comply with the disclosure schedule as

14   set forth above in all likelihood will preclude that party from

15   calling the expert witness at the time of trial.  An expert

16   witness not appearing on the designation will not be permitted to

17   testify unless the party offering the witness demonstrates: (a)

18   that the necessity for the witness could not have been reasonably

19   anticipated at the time the list was proffered; (b) that the

20   Court and opposing counsel were promptly notified upon discovery

21   of the witness; and (c) that the witness was promptly made

22   available for deposition.

23       For purposes of this Pretrial Scheduling Order, an "expert"

24   is any person who may be used at trial to present evidence under

25   Rules 702, 703, and 705 of the Federal Rules of Evidence, which

26   include both "percipient experts" (persons who, because of their

27   ───────────────
     [1] The discovery of experts will include whether any motions based on
28   Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or
     Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999) are anticipated.

                                      3

1    expertise, have rendered expert opinions in the normal course of

2    their work duties or observations pertinent to the issues in the

3    case) and "retained experts" (persons specifically designated by

4    a party to be a testifying expert for the purposes of

5    litigation).

6         Each party shall identify whether a disclosed expert is

7    percipient, retained, or both.  It will be assumed that a party

8    designating a retained expert has acquired the express permission

9    of the witness to be so listed.  Parties designating percipient

10   experts must state in the designation who is responsible for

11   arranging the deposition of such persons.

12        All experts designated are to be fully prepared at the time

13   of designation to render an informed opinion, and give their

14   bases for their opinion, so that they will be able to give full

15   and complete testimony at any deposition taken by the opposing

16   party.  Experts will not be permitted to testify at the trial as

17   to any information gathered or evaluated, or opinion formed,

18   after deposition taken subsequent to designation.

19        Counsel are instructed to complete all discovery of expert

20   witnesses in a timely manner in order to comply with the Court's

21   deadline for filing dispositive motions.

22        VII.  <u>MOTION HEARING SCHEDULE</u>

23        All dispositive motions, except motions for continuances,

24   temporary restraining orders or other emergency applications,

25   shall be heard <u>no later than</u> **June 4, 2015.**

26        All purely legal issues are to be resolved by timely

27   pretrial motions.  Local Rule 230 governs the calendaring and

28   procedures of civil motions with the following additions:

4

1               (a)   The opposition and reply must be filed by 4:00

2                     p.m. on the day due; and

3               (b)   When the last day for filing an opposition brief

4                     falls on a legal holiday, the opposition brief

5                     shall be filed on the last court day immediately

6                     preceding the legal holiday.

Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily.  Further, failure to timely oppose a summary judgment motion[2] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

The parties are reminded that a motion <u>in</u> <u>limine</u> is a pretrial procedural device designed to address the admissibility of evidence.  The Court will look with disfavor upon

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

1  dispositional motions presented at the Final Pretrial Conference

2  or at trial in the guise of motions in limine.

3      The parties are cautioned that failure to raise a

4  dispositive legal issue that could have been tendered to the

5  court by proper pretrial motion prior to the dispositive motion

6  cut-off date may constitute waiver of such issue.

7      VIII.  FINAL PRETRIAL CONFERENCE

8      The Final Pretrial Conference is set for **September 10, 2015,**

9  at **2:00 p.m.**  At least one of the attorneys who will conduct the

10  trial for each of the parties shall attend the Final Pretrial

11  Conference.  If by reason of illness or other unavoidable

12  circumstance a trial attorney is unable to attend, the attorney

13  who attends in place of the trial attorney shall have equal

14  familiarity with the case and equal authorization to make

15  commitments on behalf of the client.

16      Counsel for all parties are to be fully prepared for trial

17  at the time of the Final Pretrial Conference, with no matters

18  remaining to be accomplished except production of witnesses for

19  oral testimony.

20      The parties shall file, not later than **September 3, 2015,** a

21  Joint Final Pretrial Conference Statement.  The provisions of

22  Local Rules 281 shall apply with respect to the matters to be

23  included in the Joint Final Pretrial Conference Statement.  In

24  addition to those subjects listed in Local Rule 281(b), the

25  parties are to provide the Court with a plain, concise statement

26  that identifies every non-discovery motion tendered to the Court

27  and its resolution.  Failure to comply with Local Rule 281, as

28  modified by this Pretrial Scheduling Order, may be grounds for

1  sanctions.

2       At the time of filing the Joint Final Pretrial Conference

3  Statement, counsel shall also electronically mail to the Court in

4  digital format compatible with Microsoft Word, the Joint Final

5  Pretrial Conference Statement in its entirety including the

6  witness and exhibit lists. **These documents shall be sent to:**

7  **tlnorders@caed.uscourts.gov**.

8       The parties should identify first the core undisputed facts

9  relevant to all claims.  The parties should then, in a concise

10 manner, identify those undisputed core facts that are relevant to

11 each claim.  The disputed facts should be identified in the same

12 manner.  Where the parties are unable to agree as to what

13 disputed facts are properly before the Court for trial, they

14 should nevertheless list all disputed facts asserted by each

15 party.  Each disputed fact or undisputed fact should be

16 separately numbered or lettered.

17      Each party shall identify and concisely list each disputed

18 evidentiary issue which will be the subject of a motion in

19 limine.

20      Each party shall identify the points of law which concisely

21 describe the legal issues of the trial which will be discussed in

22 the parties' respective trial briefs.  Points of law should

23 reflect issues derived from the core undisputed and disputed

24 facts.  Parties shall not include argument or authorities with

25 any point of law.

26      The parties shall prepare a joint statement of the case in

27 plain concise language which will be read to the jury at the

28 beginning of the trial.  The purpose of the joint statement is to

1    inform the jury what the case is about.

2        The parties are reminded that pursuant to Local Rule 281

3    they are required to list in the Joint Final Pretrial Conference

4    Statement all witnesses and exhibits they propose to offer at

5    trial.  After the name of each witness, each party shall provide

6    a brief statement of the nature of the testimony to be proffered.

7    The parties may file a joint list or each party may file separate

8    lists.  These list(s) shall not be contained in the body of the

9    Joint Final Pretrial Conference Statement itself, but shall be

10   attached as separate documents to be used as addenda to the Final

11   Pretrial Order.

12       Plaintiff's exhibits shall be listed numerically.

13   Defendant's exhibits shall be listed alphabetically.  The parties

14   shall use the standard exhibit stickers provided by the Court

15   Clerk's Office: pink for plaintiff and blue for defendant.  In

16   the event that the alphabet is exhausted, the exhibits shall be

17   marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the

18   number of letters in parenthesis (i.e., "AAAA(4)") to reduce

19   confusion at trial.  All multi-page exhibits shall be stapled or

20   otherwise fastened together and each page within the exhibit

21   shall be numbered.  All photographs shall be marked individually.

22   The list of exhibits shall not include excerpts of depositions,

23   which may be used to impeach witnesses.  In the event that

24   Plaintiff and Defendant offer the same exhibit during trial, that

25   exhibit shall be referred to by the designation the exhibit is

26   first identified.  The Court cautions the parties to pay

27   attention to this detail so that all concerned, including the

28   jury, will not be confused by one exhibit being identified with

                                    8

1   both a number and a letter.

2       The Final Pretrial Order will contain a stringent standard

3   for the offering at trial of witnesses and exhibits not listed in

4   the Final Pretrial Order, and the parties are cautioned that the

5   standard will be strictly applied.  On the other hand, the

6   listing of exhibits or witnesses that a party does not intend to

7   offer will be viewed as an abuse of the court's processes.

8       The parties also are reminded that pursuant to Rule 16 of

9   the Federal Rules of Civil Procedure it will be their duty at the

10  Final Pretrial Conference to aid the Court in: (a) the

11  formulation and simplification of issues and the elimination of

12  frivolous claims or defenses; (b) the settling of facts that

13  should properly be admitted; and (c) the avoidance of unnecessary

14  proof and cumulative evidence.  Counsel must cooperatively

15  prepare the Joint Final Pretrial Conference Statement and

16  participate in good faith at the Final Pretrial Conference with

17  these aims in mind.  A failure to do so may result in the

18  imposition of sanctions which may include monetary sanctions,

19  orders precluding proof, elimination of claims or defenses, or

20  such other sanctions as the Court deems appropriate.

21      IX.   TRIAL BRIEFS

22      The parties shall file trial briefs not later than fourteen

23  (14) days before trial.  Counsel are directed to Local Rule 285

24  regarding the content of trial briefs.

25      X.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

26      It is the Court's practice to hear motions in limine on the

27  first day of trial.  However, depending on the number and nature

28  of the parties' motions, the need to special set a hearing date

9

1  to hear such motions shall be addressed at the Final Pretrial

2  Conference.

3       XI.   TRIAL SETTING

4       The trial is set for **November 9, 2015,** at **9:00 a.m.**   Trial

5  will be a bench trial. The parties estimate a trial length of

6  **five to seven (5-7) days.**

7       XII.   SETTLEMENT CONFERENCE

8       At the Final Pretrial Conference, the Court may set a

9  settlement conference if the parties so request.  In the event no

10  settlement conference is requested, the parties are free to

11  continue to mediate or attempt to settle the case with the

12  understanding that the trial date is a firm date.

13       In the event a settlement conference is set by the Court,

14  counsel are instructed to have a principal with full settlement

15  authority present at the Settlement Conference or to be fully

16  authorized to settle the matter on any terms.  At least seven (7)

17  calendar days before the settlement conference, counsel for each

18  party shall submit to the chambers of the settlement judge a

19  confidential Settlement Conference Statement.  Such statements

20  are neither to be filed with the Clerk nor served on opposing

21  counsel.  Each party, however, shall serve notice on all other

22  parties that the statement has been submitted.  If the settlement

23  judge is not the trial judge, the Settlement Conference Statement

24  shall not be disclosed to the trial judge.

25       Notwithstanding the foregoing, the parties may request a

26  settlement conference prior to the Final Pretrial Conference if

27  they feel it would lead to the possible resolution of the case.

28       In the event an early settlement conference date is

1  requested, the parties shall file said request jointly, in

2  writing.  The request must state whether the parties waive

3  disqualification, pursuant to Local Rule 270(b), before a

4  settlement judge can be assigned to the case.  Absent the

5  parties' affirmatively requesting that the assigned Judge or

6  Magistrate Judge participate in the settlement conference AND

7  waiver, pursuant to Local Rule 270(b), a settlement judge will be

8  randomly assigned to the case.

9        XIII.  <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

10       Pursuant to Local Rule 271, parties may stipulate at any

11  stage in the proceedings to refer the action, in whole or in

12  part, to the Voluntary Dispute Resolution Program.

13       XIV.  <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

14       The parties are reminded that pursuant to Rule 16(b) of the

15  Federal Rules of Civil Procedure, the Pretrial Scheduling Order

16  shall not be modified except by leave of court upon a showing of

17  **good cause**.  Agreement by the parties pursuant to stipulation

18  alone to modify the Pretrial Scheduling Order does not constitute

19  good cause.  Except in extraordinary circumstances,

20  unavailability of witnesses or counsel will not constitute good

21  cause.

22       XV.  <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

23       This Pretrial Scheduling Order will become final without

24  further order of the Court unless objections are filed within

25  fourteen (14) days of service of this Order.

26  ///

27  ///

28  ///

11

1        IT IS SO ORDERED.

2   Dated: March 21, 2014

3

4

5                                    Troy L. Nunley
                                     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28